**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC INFORMATION RESOURCES, INC., <br><br>Plaintiff, <br><br>v. <br><br>DIANA MUSSELMAN, et al., <br><br>Defendants / | No. C-06-2306 MMC <br><br>**ORDER AFFORDING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT; ORDER RE: APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

    Before the Court is plaintiff's "Notice of Errata Re Named Defendants and Doe Defendants Listed in First Amended Complaint for Damages, Injunctive Relief, Attorney's Fees, Litigation Fees, and Jury Demand," filed September 1, 2006.  By said document, plaintiff appears to be asserting the Clerk of the Court has not listed the correct names of all defendants, and, additionally, appears to be attempting to amend the First Amended Complaint to add at least eight new defendants by purporting to substitute such defendants for "Doe" defendants referenced in the First Amended Complaint.

    In federal court, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored."  See Gillespie v. Civiletti, 629 F. 2d 637, 642 (9th Cir. 1980).  Even where a defendant is properly identified as a "Doe," when the plaintiff thereafter seeks to substitute a named defendant, the plaintiff must file an amended complaint to add the new defendant and delete the "Doe" defendant.  See, e.g., Lindley v. General Elec. Co., 780 F. 2d 797, 801 (9th Cir.) (holding plaintiff properly substituted named defendant for "Doe" defendant

where plaintiff filed amended complaint adding named defendant and eliminating "Doe" as party), cert. denied, 476 U.S. 1186 (1986).  Here, as noted, plaintiff appears to be attempting to add new parties by the unauthorized means of filing the above-referenced Notice of Errata.  The Court, however, will afford plaintiff leave to file a Second Amended Complaint for the limited and sole purpose of adding the new defendants identified in the Notice of Errata, such amended pleading to be filed no later than September 22, 2006. See Fed. R. Civ. P. 15(a) (providing that after plaintiff has amended once as of right, plaintiff must obtain leave of court, or consent of defendants, to amend).[1]

Additionally, before the Court is plaintiff's Application for Temporary Restraining Order and OSC Re: Preliminary Injunction, filed August 11, 2006 ("Application").  The Court has taken no action on the Application in light of plaintiff's Case Management Statement filed August 14, 2006, wherein plaintiff set forth its intention to serve all defendants with notice of said Application.  It now appears plaintiff has served most, if not all, of the named defendants.  If and when plaintiff wishes the Application to be heard, plaintiff shall notice the matter for hearing on the Court's calendar, pursuant to Civil Local Rule 7-2.  See Civil L.R. 7-2(a) (providing motion shall be noticed for hearing not less than 35 days after service of motion).  In that regard, the Court hereby informs the parties of the Court's unavailability from September 11, 2006 through and including September 22, 2006.

Plaintiff is hereby ORDERED to serve, no later than September 11, 2006, a copy of this order on each defendant who has been served with process and who has not yet appeared herein.[2]

**IT IS SO ORDERED.**

Dated: September 7, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] If, following the filing of any such Second Amended Complaint, plaintiff remains of the view that the docket does not correctly reflect the names of each of the defendants named therein, plaintiff may file a brief notice to that effect.

[2] To date, the only defendant that has filed a notice of appearance is Airon Corp.

2