**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC INFORMATION RESOURCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIANA MUSSELMAN, et al., <br><br> Defendants / | No. C-06-2306 MMC <br><br> **ORDER DENYING DEFENDANT DIANA MUSSELMAN'S MOTION FOR MORE DEFINITE STATEMENT; GRANTING AIRON DEFENDANTS' REQUEST FOR MORE DEFINITE STATEMENT; DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS OTHER THAN MUSSELMAN SHOULD NOT BE DISMISSED DUE TO MISJOINDER** |

Before the Court is defendant Diana Musselman's ("Musselman") motion, filed September 26, 2006, for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Separate notices of joinder have been filed by three groups of defendants: (1) Renee Dunbar and Peter Dunbar ("Dunbar Defendants"); (2) Paretologic Inc., Elton Pereira, Adrian Pereira, and Jason Corvalho ("Paretologic Defendants"); and (3) defendants Airon Corporation, Alexei Borisov, and Levon Gasparian ("Airon Defendants"). Plaintiff Pacific Information Resources, Inc. has filed opposition, to which Musselman has replied. Additionally, plaintiff has filed a separate opposition to arguments made by Airon Defendants in their notice of joinder, to which Airon Defendants have replied. Having considered the above-referenced filings, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for November 3, 2006, and rules as follows:

1. Musselman cites no authority providing that an allegation of agency must be pleaded with specificity, and has not otherwise shown the agency allegation in the Second Amended Complaint ("SAC"), (see SAC ¶ 21), is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," see Fed. R. Civ. P. 12(e). Indeed, Musselman has offered an affidavit in which she denies the truth of plaintiff's allegation that she has ever been the agent of any of the other defendants, (see Musselman Affidavit ¶ 4), thereby effectively demonstrating she can frame a response to the agency allegation. Accordingly, Musselman's motion for a more definite statement is hereby DENIED.

2. Airon Defendants challenge the sufficiency, under Rule 9(b), of plaintiff's Fourth Claim for Relief, to the extent such claim alleges a violation of 18 U.S.C. § 1030(a)(4).[1] Although a claim under § 1030(a)(4), similar to a claim of mail fraud or wire fraud, does not require an allegation that the defendant used a computer to make a false statement, it does require an allegation that the defendant made use of a computer to further a fraudulent scheme. Cf. United States v. Bohonus, 628 F. 2d 1167, 1171-1172 (9th Cir. 1980) (holding "essential elements of mail fraud are: (1) the formation of a scheme or artifice to defraud, and (2) use of the mails in furtherance of the scheme"; holding "depriving an employer of [an employee's] honest services and of its right to have its business conducted honestly can constitute a 'scheme to defraud'"). Here, plaintiff does not identify the nature of any scheme to defraud implicated by defendants' alleged accessing of plaintiff's computer, much less plead the facts pertaining to such scheme with particularity.[2] Accordingly, Airon Defendants's request for a more definite statement, as to the § 1030(a)(4) claim in the Fourth Claim for Relief, is hereby GRANTED. The Court will set a deadline for plaintiff to

---

[1] Because plaintiff has not objected to Airon Defendants' having included additional legal arguments in their notice of joinder in Musselman's motion, and, instead, has responded to the merits of the additional arguments, the Court does not address the propriety of Airon Defendants' "joinder."

[2] Plaintiff does allege that defendants accessed plaintiff's computers to obtain plaintiff's property, which defendants then misappropriated, i.e, stole. Theft, standing alone, however, does not constitute fraud.

2

amend after resolution of the briefing with respect to the order to show cause, discussed <u>infra</u>.

3. As set forth in Musselman's motion, and not disputed by plaintiff, joinder of each defendant herein is proper only if plaintiff can establish his allegation that an agency relationship exists between each and every defendant. As noted, however, Musselman has offered evidence denying she is or ever has been the agent of any other defendant herein.[3]

Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE why its claims against defendants other than Musselman should not be dismissed, without prejudice to plaintiff's refiling such claims in separate actions, on the ground such defendants have been misjoined herein. <u>See</u> Fed. R. Civ. P. 21 (providing parties may be "dropped or added by order of the court on . . . its own initiative at any stage of the action and on such terms that are just"); <u>see</u>, <u>e.g.</u>, <u>Grayson v. K-Mart Corp.</u>, 849 F. Supp. 785, 787 (N.D. Ga. 1994) (holding claims by eleven plaintiffs against one defendant not properly joined in single action, where plaintiffs failed to offer sufficient evidence to show joinder was proper).

Plaintiff shall file, no later than November 17, 2006, its response to this order to show cause. No later than December 1, 2006, any defendant may file a reply to plaintiff's response. As of December 1, 2006, unless the parties are otherwise advised, the matter will stand submitted.

**IT IS SO ORDERED.**

Dated: November 1, 2006

MAXINE M. CHESNEY
United States District Judge

---

[3]Similarly, Airon Defendants have stated in their notice of joinder, albeit not in evidentiary form, that none of them has an agency relationship with any of the other defendants.