IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC INFORMATION RESOURCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIANA MUSSELMAN, et al., <br><br> Defendants / | No. C-06-2306 MMC <br><br> **ORDER RE: ORDER TO SHOW CAUSE; SETTING DEADLINE FOR PLAINTIFF TO FILE THIRD AMENDED COMPLAINT** |

By order filed November 1, 2006, the Court directed plaintiff Pacific Information Resources, Inc. to show cause why its claims against defendants other than Diana Musselman ("Musselman") should not be dismissed, on the ground such defendants are not properly joined herein. Further, the Court dismissed, with leave to amend, plaintiff's Fourth Claim for Relief in the Second Amended Complaint ("SAC"), and stated it would set a deadline by which plaintiff may amend after completion of briefing on the joinder issue.

Now before the Court is plaintiff's response to the Court's order to show cause as well as two replies thereto filed, respectively, by Musselman and by Airon Corporation, Alexei Borisov, and Levon Gasparian (collectively, "Airon Defendants"). Having reviewed plaintiff's response to the order to show cause and the above-referenced replies, the Court rules as follows:

Rule 20(a) of the Federal Rules of Civil Procedure provides that multiple defendants may be joined in a single action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." See Fed. R. Civ. P. 20(a).

Here, plaintiff alleges that 21 defendants have infringed plaintiff's copyrights by operating websites that contain material misappropriated from a website operated by plaintiff, and that each such defendant, in engaging in the asserted infringement, acted as an "agent" of the other defendants.  (See SAC ¶¶ 21, 39-40.)  In light of defendant Musselman's having offered, in support of her previously-filed motion for a more definite statement, an affidavit denying she has ever been an agent for any other defendant, (see Musselman Aff., filed October 20, 2006, ¶ 4), the Court ordered plaintiff to show cause why its joinder of all defendants herein was proper.

In its response, plaintiff argues its "agency" allegation can be factually substantiated. Plaintiff relies on the declaration of Ran Libeskind, Ph.D., a computer scientist, who offers the opinion that four of the various websites alleged by plaintiff to be infringing have an "extraordinarily similar content and organization" that indicates "cooperation or collusion in the design and implementation of [those] websites," (see Libeskind Decl., filed November 18, 2006, ¶¶ 5, 20); of the 21 defendants named herein, 13 are alleged to operate at least one of those four websites, specifically, the three Airon Defendants, Renee Dunbar, Peter Dunbar, Paretolgic, Inc., Adrian Pereira, Elton Pereira, Jason-Leo Carvallo, Rosson Ventures, Linda Rosson, Barry Rosson, and Matthew Rosson, (see Pl.'s Opp. to OSC at 8:4-24).  As to those 13 defendants, the Court finds plaintiff has made at least a colorable showing that their joinder in a single complaint is proper.[1]  Consequently, the order to show cause will be discharged as to said defendants.

---

[1] The Airon Defendants have offered evidence to contest plaintiff's showing, (see Gasparian Decl. ¶ 4), thus indicating a disputed issue of fact as to the propriety of their joinder exists.  The Court, by the instant order, does not resolve such dispute.

As to the remaining eight defendants, specifically, Musselman, William M. Tiepelman, Linda L. Tiepelman, Mediachoice, Inc., Arnold E. Kuenn, Andrea Kuenn, Zaba, Inc., and Robert Zakari, plaintiff has made no showing as to how they are properly joined herein with the above-referenced 13 defendants, nor has plaintiff even articulated a theory as to why those eight defendants constitute "agents" of the other defendants. Consequently, the Court will not discharge the order to show cause, as to those eight defendants.

**CONCLUSION**

For the reasons stated above, the order to show cause issued November 1, 2006 is hereby DISCHARGED to the extent it pertains to the Airon Defendants, Renee Dunbar, Peter Dunbar, Paretolgic, Inc., Adrian Pereira, Elton Pereira, Jason-Leo Carvallo, Rosson Ventures, Linda Rosson, Barry Rosson, and Matthew Rosson. As to all remaining defendants, the order to show cause remains in effect, pending further order of the Court.

Plaintiff is hereby ORDERED to include in the parties' Joint Case Management Statement any information it has that would indicate said remaining defendants, or any of them, are properly joined herein, and to be prepared to address such issue at the January 26, 2006 case management conference.

If plaintiff wishes to amend its Fourth Claim for Relief to cure the deficiencies identified in the Court's November 1, 2006 order, plaintiff shall file a Third Amended Complaint no later than January 25, 2007. In any such Third Amended Complaint, plaintiff may not add new claims, but may delete existing allegations, claims or defendants without further leave of Court.

**IT IS SO ORDERED.**

Dated: January 5, 2007

MAXINE M. CHESNEY
United States District Judge