United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PACIFIC INFORMATION RESOURCES, INC.,

    Plaintiff,

v.

DIANA MUSSELMAN, et al.,

    Defendants
                                     /

No. C-06-2306 MMC

**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL; GRANTING DEFENDANTS' MOTION TO STRIKE; VACATING HEARING**

      Before the Court are two motions: (1) plaintiff Pacific Information Resources, Inc.'s motion to disqualify counsel for defendants Adrian Pereira, Elton Pereira, Jason Leo Carvalho, Paretologic, Inc. (collectively, "Paretologic"), and Peter Dunbar, and Renee Dunbar (collectively, "Dunbar"), filed August 3, 2007; and (2) defendants Paretologic and Dunbar's motion to strike, filed August 24, 2007.  Having considered the parties' submissions in support of and in opposition to said motions, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for September 14, 2007, and rules as follows.

      1.  The declarations submitted by plaintiff in support of its motion to disqualify rely on oral communications assertedly made during the course of a mediation.  Such material, for the reasons stated by Paretologic and Dunbar, is not properly before the Court, and plaintiff has failed to show any exception to the prohibition against introduction of such material is

applicable.  See Civil ADR L.R. 6-11 (providing statements made during mediation "shall not" be disclosed "for any purpose . . . in any pending or future proceeding in this court").[1]

Accordingly, the motion to strike is hereby GRANTED, and the challenged portions of the declarations submitted by plaintiff, which purport to disclose statements made during the mediation, are hereby STRICKEN.

2.  Plaintiff has failed to set forth any cognizable basis to support a finding that it has standing to seek disqualification of Paretologic and Dunbar's counsel on the ground that a conflict exists between said defendants.  See Kasza v. Browner, 133 F.3d 1159, 1171 (9th Cir. 1998) (stating "general rule" that "courts do not disqualify an attorney on the grounds of conflict unless the former client moves for disqualification").  Moreover, even assuming plaintiff has standing, plaintiff, for the reasons stated by Paretologic and Dunbar, has not shown disqualification is proper.  First, plaintiff lacks any admissible evidence to support its motion to disqualify.  Additionally, the asserted conflict is potential in nature and counsel for Paretologic and Dunbar states said defendants, after having been informed of the nature of the potential conflict, signed a written waiver of any potential conflict, (see Petti Decl., filed August 24, 2007, ¶¶ 7-9; Hallsor Decl., filed August 24, 2007, ¶¶ 5-9); an attorney may accept representation of more than one client where the interests of those clients potentially conflict, if each client provides "informed written consent."  See Cal. Rules Prof. Resp. R. 3-310(C).

Accordingly, plaintiff's motion to disqualify is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  September 11, 2007

MAXINE M. CHESNEY
United States District Judge

---

[1] Even if, as plaintiff asserts, California law governs the admissibility of such evidence, California law likewise bars its admission.  See Cal. Evid. Code § 1119(a) (providing "no evidence of anything said . . . in the course of, or pursuant to, a mediation or a mediation consultation is admissible . . . in any . . . civil action").

2