UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PACIFIC INFORMATION RESOURCES, INC., | ) ) ) | |
| Plaintiff(s), | ) ) | No. C06-2306 MMC (BZ) |
| v. | ) ) | **ORDER GRANTING MOTION FOR RELIEF FROM FILING DELAY AND MOTION TO STRIKE** |
| DIANA MUSSELMAN, et al., | ) ) | |
| Defendant(s). | ) ) ) | |

    Before the court are two related motions. Defendants Peter Dunbar, Renee Dunbar, Paretologic Inc., Elton Pereira, Adrian Pereira and Jason Carvalho (collectively Dunbar) have moved to strike two rebuttal reports of Prof. Hadas and plaintiff has moved for retroactive leave to permit the rebuttal reports to be filed one day late. Having reviewed the papers thusfar submitted on both motions, the court finds no need for further briefing or for argument. **IT IS HEREBY ORDERED** as follows:

    1. Plaintiff has shown good cause to be relieved from its late filing on January 29, 2008. The reports were filed

1

47 minutes late.  That delay was apparently caused by a combination of problems with the court's electronic case filing system and delays in communicating with Prof. Hadas who was in Australia.  Accordingly, the court deems the reports as having been timely filed.

    2.   The Dunbar motion to strike the rebuttal reports is **GRANTED**.  The court has read both reports and does not consider them proper rebuttal.  The reports are very similar; each applies the same analytical method to a different website.  Even assuming that plaintiff could have filed a report to rebut the information contained in Mr. Dunbar's summary judgment declaration, I could find nothing in the rebuttal reports that specifically rebuts or contradicts any of Mr. Dunbar's assertions.  This is not surprising since Prof. Hadas admitted in deposition he has no recollection of ever seeing Mr. Dunbar's declaration.[1]  Hadas Dep. at p.125, lns. 3-5.[2]  Instead the reports appear to restate the opinions and conclusions Prof. Hadas' reached in his August 8, 2006 report but supported by a new methodology.  This is confirmed by his testimony that he and his assistant developed a new method of analyzing the facts in dispute, informed Mr. Trope and issued these reports in response to a request by Mr. Trope for further analysis.  Id. at p. 137, lns. 1-21.  While it is not clear from the transcript exactly when this new analysis

---

[1] To the extent Prof. Hadas' declaration is inconsistent with his deposition testimony, I have given his testimony greater weight.

was conducted, it appears to have been after January 2, 2008. Id. at p.133, lns. 1-23.

More specifically, plaintiff asserts that Prof. Hadas is rebutting statements made by Mr. Dunbar in paragraphs 26 - 28 of his declaration. See Opp'n. Mem. at p.3, lns. 22-25; Trope Dec. at ¶4. In his declaration, Mr. Dunbar explains that prior to this litigation he was unaware of any of the methods of concealing URLs outlined by Prof. Hadas, and in visiting websites, he never circumvented any security system. Nothing in either Hadas report speaks to these specific assertions except in the general sense that Prof. Hadas opines that defendants must have copied material from plaintiff's website. This too is not surprising since Mr. Dunbar's assertions are more factual than they are scientific. In his declaration in opposition to the Dunbar motion to strike, Prof. Hadas admits that the rebuttal reports were created as part of his effort to "expand and supplement my conclusions by refining and/or improving the analytical models I employed . . . I have not focused or paid any attention as to whether I was writing a Supplemental Report or a Rebuttal Report." Hadas Dec. at ¶11. While this may be commendable from a scientific perspective, it does not comport with the disclosure requirements in the Federal Rules and Judge Chesney's order requiring experts to be disclosed by December 28, 2007.

Plaintiff has offered no explanation for why Prof. Hadas did not do his work earlier or why his work could not have been disclosed in timely fashion on December 28, 2007. Had his new analysis been disclosed on time, the Dunbar defendants

3

1 | would have had an opportunity to address it by January 28,
2 | 2008.  For the forgoing reasons, **IT IS ORDERED** that the motion
3 | to strike the rebuttal reports of Prof. Hadas is **GRANTED**.
4 | Dated: March 28, 2008

*[Signature]*
Bernard Zimmerman
United States Magistrate Judge

10 | G:\BZALL\-REFS\PACIFIC INFORMATION\ORDER RE MOTION TO STRIKE.wpd