1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11   PACIFIC INFORMATION      )
     RESOURCES, INC.,         )
12                            )      No. C06-2306 MMC (BZ)
              Plaintiff(s),   )
13                            )
        v.                    )      **ORDER GRANTING IN PART**
14                            )      **MOTION FOR LEAVE TO FILE**
     DIANA MUSSELMAN, et al., )      **MOTION FOR RECONSIDERATION**
15                            )      **AND GRANTING IN PART MOTION**
              Defendant(s).   )      **FOR RECONSIDERATION**
16                            )
     ─────────────────────────)

17

18        Plaintiff's motion for leave to file a motion for

19   reconsideration of my March 28, 2008 discovery order (Order)

20   is **DENIED** in part for failing to meet the requirements of

21   Local Rule 7-9(b) and **GRANTED** in part.

22        First, Professor Hadas' factual response, which consists

23   largely of quarreling with the conclusions reached in the

24   Order, does not constitute newly established facts within the

25   meaning of Civil Local Rule 7-9(b).  To the extent that any of

26   these facts were material to my earlier decision, there is no

27   showing as to why they were not presented at that time.  Nor

28   does Professor Hadas offer any explanation, let alone a

                              1

1  persuasive one, as to why he did not undertake his work

2  earlier so that he could complete a timely report.  Finally,

3  as he states in paragraph 11, his rebuttal report was

4  submitted in opposition to Mr. Dunbar's position that he had

5  not copied material from plaintiff's sites, the position which

6  Mr. Dunbar has taken throughout this litigation, and not in

7  rebuttal to any specific information in the Dunbar declaration

8  not previously presented in the case.[1]

9      Nor did <u>Lindner v. Meadowgold Dairies, Inc.</u>, 2008 WL

10  763236 (D. Haw.) materially change the law, within the meaning

11  of Civil Local Rule 7-9(b).  <u>Linder</u> is consistent with prior

12  law and consistent with the Order.  The Order did not strike

13  the Hadas reports because I found that he had not read the

14  Dunbar declaration.  The reports were struck because they were

15  not proper rebuttal; the fact that Professor Hadas had not

16  read the Dunbar declaration was simply one fact supporting

17  that conclusion.

18      When all is said and done, plaintiff has repeatedly

19  failed to satisfactorily explain why Professor Hadas did not

20  do the work that he did in January 2008, at an earlier time so

21  that he could have timely presented a report containing "a

22  complete statement of all opinions the witness will express

23  and the basis and reasons for them" as required by Federal

24  _____

25  [1]   At yesterday's hearing, plaintiff's counsel claimed
that the declaration that Mr. Dunbar filed in support of his
motion for summary judgment was the first time Mr. Dunbar
26  denied under oath that he had visited and copied plaintiff's
sites.  However, in the answer filed by the Dunbar defendants,
27  they deny unequivocally the allegations of invading and
copying plaintiff's sites. <u>See</u> <u>e.g.</u>, Dunbar Answer, ¶ 11
28  (Docket No. 112).  It was plaintiff who made the tactical
decision not to depose Mr. Dunbar.

1    Rule of Civil Procedure 26(a)(2)(B)(1).  During yesterday's

2    argument, plaintiff's counsel stated that when he realized

3    that Professor Hadas might not complete his report by the

4    original deadline, he sought an extension from Judge Chesney

5    who gave an extension but not as long as he sought.  Again,

6    there is no satisfactory explanation for why Professor Hadas

7    did not complete his work and produce a complete report within

8    the additional time provided by Judge Chesney.

9         The court however will reconsider whether the sanction it

10   imposed is appropriate.[2]  The only sanction the Dunbar

11   defendants sought was to strike the rebuttal report.  Because

12   it is a harsh sanction, it need not be imposed if the failure

13   to disclose timely was "substantially justified or harmless."

14   Fed. R. Civ. P. 37(c)(1).  Here the court has ruled that

15   plaintiff has not provided any satisfactory justification for

16   not filing a full and complete report by December 28, 2007.

17        However, it does appear that the failure has proven to be

18   harmless.  In large part, as plaintiff contends, the lack of

19   harm to defendants is a result of various continuances

20   requested by the parties including the Dunbar defendants, and

21   approved by Judge Chesney.  See e.g. April 4, 2008 Order

22   Approving Joint Stipulation, (Docket No. 275).  Currently, the

23   summary judgment briefing and hearing schedule have been

24   vacated, as have the pretrial and trial dates.  When asked

25   during yesterday's argument what harm there would be to the

26   Dunbar defendants if the report were not stricken, defense

27

28        [2]    The court needs no further briefing or argument to
     decide the motion for reconsideration.

1  counsel reiterated the arguments that he had made in reply to

2  the original motion to strike - that his clients would be

3  forced to incur the additional costs of hiring an expert and

4  might have to incur additional costs if Judge Chesney required

5  the summary judgment motion to be re-briefed to account for

6  the rebuttal report.  Counsel also admitted that this harm

7  could be mitigated if some of these costs were shifted.

8       A court has broad discretion to impose appropriate

9  sanctions under Rule 37.  <u>Yeti By Molly Ltd. v. Decker's</u>

10 <u>Outdoor Corp.</u>, 259 F.3d 1101, 1106-7 (9th Cir. 2001).

11 Accordingly, the court concludes that striking the rebuttal

12 report would be too extreme a sanction since there is little

13 harm and it can be substantially mitigated by shifting costs.

14 **IT IS THEREFORE ORDERED** as follows:

15      1.   Plaintiff's motion for leave to file a motion for

16 reconsideration of my Order is **GRANTED** in part.

17      2.   The motion for reconsideration is **GRANTED** to the

18 extent that the court reconsiders the appropriate sanction.

19      3.   Since plaintiff's late rebuttal was not substantially

20 justified, the Dunbar defendants are awarded their attorneys'

21 fees incurred in presenting their motion to strike.  The

22 Dunbar defendants are **ORDERED** to provide a declaration setting

23 forth the attorneys' fees and costs they incurred to prepare

24 and argue the motion to strike to plaintiff's counsel by no

25 later than **July 1, 2008**.  If the parties cannot agree on the

26 amount, defendants may file an appropriate motion.

27      4.   In accordance with Judge Chesney's referral dated

28 March 18, 2008 (Docket No. 225) the Dunbar defendants are

4

1   given until **June 30, 2008** to decide whether they wish to

2   retain an expert to oppose Dr. Hadas and, if so, to disclose

3   their expert's report.  The court is not prepared to shift the

4   cost of this expert inasmuch as the Dunbar defendants made a

5   tactical decision not to retain an expert, a decision which

6   seems questionable in a case which will depend heavily on

7   expert testimony.

8        5.   In the event Judge Chesney requires the summary

9   judgment to be re-briefed, I will entertain a motion by the

10  Dunbar defendants to shift the cost of any of the original

11  briefing which had to be modified to account for the Hadas

12  rebuttal declaration, to the plaintiff.

13  Dated: June 4, 2008

14

15                        Bernard Zimmerman
                     United States Magistrate Judge

16

17  G:\BZALL\-REFS\PACIFIC INFORMATION\ORD GRANTING IN PART MOT FOR RECONDSIDERATION.DUNBAR.FINAL
    VERSION.BZ.wpd

18

19

20

21

22

23

24

25

26

27

28