UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC INFORMATION RESOURCES, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> DIANA MUSSELMAN, et al., <br><br> Defendant(s). | No. C06-2306 MMC (BZ) <br><br> **ORDER GRANTING AIRON SANCTIONS FOR IMPROPER FILING OF THE HADAS SUPPLEMENTAL REPORT** |

    The Airon defendants have moved pursuant to Federal Rule of Civil Procedure 37(c) to strike the supplemental report of Professor Hadas dated March 22, 2008 (Docket No. 265). For the reasons discussed below, the court **GRANTS** Airon's motion but imposes a lesser sanction.

    I find that the report is not a supplemental report within the meaning of Federal Rule of Civil Procedure 26(e). Having read Professor Hadas' original report, his rebuttal to Mr. Gralnik and his supplemental report, as well as the relevant portions of his deposition transcript, I find that much of the analysis in the supplemental report should have

1

1  been conducted early enough to have been included in the
2  original expert report due December 28, 2007.  Plaintiff has
3  not adequately explained why Dr. Hadas' further analysis was
4  not presented before his supplemental report was filed on
5  March 27, 2008, in support of plaintiff's opposition to the
6  Airon defendants' motion for summary judgment.  In paragraph
7  10 of his May 12, 2008 declaration in opposition to the motion
8  to strike, (Docket No. 324) Professor Hadas states that "it
9  was not feasible, in the earlier reports, to provide the level
10 of completeness and detail found in the January 28, 2008
11 reports."  He attributes this to the fact that until some of
12 the defendants settled, it was not feasible to provide a
13 complete analysis of defendants' websites.  Even assuming he
14 is correct, that does not explain why he waited until after
15 December 28, 2007 to perform the more detailed analysis since
16 it appears that many of the defendants settled in the first
17 half of 2007.  The latest settlement plaintiff has provided,
18 exhibit 17 to Mr. Trope's declaration, (Docket No. 323), was
19 entered August 20, 2007.
20      Instead, it appears that at some point which is not clear
21 from the record, but prior to January, 2008, Professor Hadas
22 developed additional methods of analyzing the relevant data,
23 but he was not asked to perform the analysis until January 2,
24 2008.  Feb. 19 , 2008, Dep. Tr. Vol. I, pp. 133 - 38, Ex. 15,
25 part 5, to Trope Dec. in Opp'n to Airon's Mot. To Strike Hadas
26 Supp. Report, (Docket No. 232).  It also appears that in mid-
27 February, when his deposition was taken, he was continuing to
28 perform work for plaintiff which he had not yet finalized and

2

that at least some this work appears in his supplemental report.[1]  While it is true that in response to deposition questions, he admitted that he was conducting additional work, the court finds that the work which appears in the supplemental report was not prompted by those questions. <u>Wilson v. Sundstrand Corp.</u>, 2003 WL 22012673, *7 - 8. (N.D. Ill.)  Nor is there any showing that in his supplemental report, Professor Hadas was analyzing data that had just become available, or that he was trying to correct any problems with his work that had surfaced during the deposition.  <u>Id.</u>; <u>see</u> <u>also</u> <u>Metro Ford Truck Sales, Inc. v. Ford Motor Co.</u>, 145 F.3d 320, 324 (5th Cir. 1998) ("The purpose of supplementary disclosures is just that-to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline.") (footnote *omitted*); <u>Toomey v. Nextel Com.s, Inc.</u>, 2004 WL 5512967, *4 (N.D. Cal. Sept. 23, 2004) ("The supplementation requirement of Rule 26(e)(1) is not intended, however, to permit parties to add new opinions to an expert report based on evidence that was available to them at the time the initial expert report was due."); <u>Akeva L.L.C. v. Mizuno Corp.</u>, 212 F.R.D. 306, 310 (M.D.N.C. 2002) ("[t]o construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert preparation"); <u>Keener v. United States</u>, 181 F.R.D. 639, 640

---

[1]  It is hard to be more precise since Professor Hadas repeats much of his earlier reports in his supplemental report.

3

(D.Mont. 1998) (supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure").

The only sanction these defendants sought is to strike the supplemental report.  Because it is a harsh sanction, it need not be imposed if the failure to disclose timely was "substantially justified or harmless." Fed. R. Civ. Proc. 37(c)(1).  Here, plaintiff has not provided any satisfactory justification for waiting until it filed its opposition to the Airon defendant's motion for summary judgment to disclose the supplemental report.  However, it does appear that the failure has proven to be harmless.  In large part, as plaintiff contends the lack of harm to Airon is a result of various continuances requested by the parties, including Airon, and approved by Judge Chesney.  April 4, 2008 Order Approving Joint Stip., (Docket No. 275).  Currently, the summary judgment briefing and hearing schedule have been vacated as have the pretrial and trial dates.  When asked during oral argument what harm there would be to the Airon defendants if the report were not stricken, the only harm identified was that because the report presents some evidence of collusion, it would make it more difficult for the Airon defendants to obtain summary judgment.  The fact that the supplemental report bolsters plaintiff's case, by itself, is not the sort of harm which can serve as the basis for excluding testimony. Yeti By Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-7 (9th Cir. 2001); see also Boggs v. Divested Atomic

Corp., 1997 WL 33377790, *13 (S.D. Ohio). In fact, such a contention is contrary to the overall goal of deciding a case on its merits.[2]

At the same time, some form of sanction is necessary to discourage plaintiff and its counsel from continuing to engage in the sort of conduct which is tantamount to requiring the defendants to aim at a moving target. The court on several occasions has had to grant plaintiff's counsel relief from late filings and has admonished counsel to take deadlines more seriously. Accordingly, as a lesser sanction, **IT IS ORDERED** that plaintiff reimburse the Airon defendants for their attorneys' fees and costs incurred in presenting this motion to strike. Fed. R. Civ. Proc. 37(c)(1)(A); Yeti By Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-7 (9th Cir. 2001)(court has broad discretion to impose sanctions under Rule 37). The Airon defendants are **ORDERED** to provide a declaration setting forth the attorneys' fees and costs they incurred to prepare and argue the motion to strike, to plaintiff's counsel by no later than **July 1, 2008**. If the parties cannot agree on the amount, defendants may file an appropriate motion. **IT IS FURTHER ORDERED** that in the event

---

[2] The Ninth Circuit's test for determining if the entry of dismissal or default is an appropriate sanction requires a court to balance: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). In Wendt v. Host Intern., Inc., 125 F.3d 806, 814 (9th Cir.1997), the Ninth Circuit extended the test to apply when determining whether the opinion of an expert should be stricken for failure to comply with Rule 26.

Judge Chesney requires the summary judgment to be re-briefed, I will entertain a motion by the Airon defendants to shift the cost of any of the original briefing which had to be modified to account for the Hadas supplemental report, to the plaintiff.

Dated: June 4, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\PACIFIC INFORMATION\ORDER DENYING MOTION TO STRIKE HADAS SUPP REPORT.FINAL VERSION.AIRON DEFS.BZ.wpd